# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| OMNIPRINT INTERNATIONAL, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>EDGAR SILVA AMBRIZ, aka EDGAR AMBRIZ SILVA, an individual; MARIA EUGENIA AMBRIZ, an individual; SERGIO RAMIREZ, an individual; GOODWELL SCIENCE, LLC, a California limited liability company; ANGEL JOSE RAMIREZ, an individual; ANGELBOY PRINTS, LLC, a California limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 8:22-cv-02313-DOC-DFM<br>Hon. David O. Carter, Ctrm. 10A<br><br>**FINAL JUDGMENT AND PERMANENT STIPULATED INJUNCTION** |

On December 23, 2022, Plaintiff Omniprint International, Inc. ("Plaintiff" or "OmniPrint") filed its complaint against Defendants Edgar Silva Ambriz, aka Edgar Ambriz Silva ("Edgar Ambriz"), Maria Eugenia Ambriz ("Maria Ambriz"), Sergio Ramirez ("Sergio Ramirez"), Goodwell Science, LLC ("Goodwell Science"), Angel Jose Ramirez ("Angel Ramirez") and AngelBoy Prints, LLC ("Angelboy") (collectively, "Defendants"). The Complaint asserted claims against Defendants for violation of the Defend Trade Secrets Act of 2016 ("DTSA"), 18 U.S.C. § 1836 et seq., and for related state or common law claims. Defendants answered and denied these allegations. In conjunction with a settlement of this entire matter, Defendants now agree to this Final Judgment and Permanent Stipulated Injunction ("Stipulated Injunction"), to its prompt entry by the Court, and to each and every provision, order and decree therein.

NOW THEREFORE, upon consent of the parties hereto, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 as the claims arise under the DTSA. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a). This Court has personal jurisdiction over the parties. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

2. OmniPrint develops, markets and sells direct-to-garment ("DTG") and direct-to-film ("DTF") digital printers and specially formulated DTG/DTF inks. OmniPrint's DTG/DTF inks contain an exclusive mixture of polymers, proprietary dispersion technology and one of the smallest particle sizes in the industry that enables the ink to bind to materials and produce vibrant colors and hues.

3. From April 30, 2018 to October 29, 2021, OmniPrint employed Edgar Ambriz as Senior R&D Engineer and Director of Product Development.

4. In the course of his employment with OmniPrint, Ambriz had access to and possession of information on OmniPrint's proprietary ink formulations, pretreatment processes, and ink testing, some of which OmniPrint documented in written materials, entitled (a) "Ink Formulation Template and Release Steps"; (b) "Pretreatment Formulation Template and Release Steps"; (c) "Ink Batch Adjustment Quality Control Procedure"; and (d) "Pretreatment Batch Adjustment Quality Control Procedure" (collectively, "Gamut Ink Formulas and Processes").

5. In the course of his employment with OmniPrint, Edgar Ambriz had access to information on existing and prospective customers of OmniPrint, which included the customer's name, physical address, email address, phone number, contact person, order history, pricing data and a variety of other important purchase and sale information (collectively, "Customer Information").

6. In the course of his employment with OmniPrint, Edgar Ambriz had access to information on existing suppliers and vendors of OmniPrint, which included the supplier or vendor name, physical address, email address, phone number, contact person, order history, pricing data and a variety of other important order information (collectively, "Supplier/Vendor Information").

7. Plaintiff alleges that the Gamut Ink Formulas and Processes, Customer Information, and Supplier/Vendor Information (collectively, "OmniPrint's Trade Secret Information") are all sensitive and highly confidential information that constitutes trade secrets until California law.

8. Plaintiff alleges that upon leaving the employ of Omniprint, and without permission or authorization of OmniPrint, Edgar Ambriz, with the knowledge and/or assistance of Defendants, directly or indirectly, used or disclosed OmniPrint's Trade Secret Information in order to create competing DTG/DTF ink products in violation of the DTSA, OmniPrint policies and express contractual agreements with OmniPrint.

9. In a good-faith effort to resolve this dispute, Defendants agree not to use, disclose or disseminate, directly or indirectly, any of OmniPrint's Trade Secret Information, and, for a period of five years, not to compete, directly or indirectly, with OmniPrint, except for the Angelboy Exemption, described below.

10. As of the date of entry of this Stipulated Injunction, Defendants and their officers, directors, owners, agents, servants, representatives, employees, assigns and successors, and all persons in active concert or participation with Defendants, including but not limited to Chroma Industry, business form unknown, and Chico Labs International, business form unknown, shall be and are hereby enjoined and restrained, anywhere in the world, directly or indirectly, from doing, authorizing or procuring any persons to do any of the following:

    A. during the next five (5) years, beginning on the date of entry of this Stipulated Injunction, engaging in any capacity with any business competitive with OmniPrint as of the date of this Stipulated Injunction, including for DTG/DTF inks, or having any interest as owner, sole proprietor, stockholder, partner, lender, director, officer, manager, employee, consultant, agent or otherwise in any business competitive with OmniPrint as of the date of this Stipulated Injunction. This provision shall not prevent Angel Ramirez and Angelboy from engaging in its pre-existing business of selling Grando DTF printers and related DTF inks or powder for the Grando DTF printers so long as they do not use or rely upon Omniprint Trade Secret Information ("Angelboy Exemption"). This provision shall not prevent Sergio Ramirez from continuing to work for his current employer.

    B. using, disclosing, selling, transferring, publishing, or disseminating any of OmniPrint's Trade Secret Information, whether in the form of hard copy or information stored electronically or on a computer hard drive or disk.

      C.    soliciting or attempting to solicit any current or prospective customer of OmniPrint for the purpose of manufacturing, marketing, distributing or selling DTF/DTG inks based on OmniPrint's Trade Secret Information.

      D.    soliciting or attempting to solicit any current or prospective vendor or supplier of OmniPrint for the purpose of manufacturing, marketing, distributing or selling DTF/DTG inks based on OmniPrint's Trade Secret Information.

      E.    soliciting or attempting to solicit any current employee of OmniPrint, including offering employment to any current employee or urging any employee to leave their employ and join a competitor for the purpose of manufacturing, marketing, distributing or selling DTF/DTG inks;

      F.    making, publishing or distributing any disparaging statements concerning OmniPrint, including its officers, directors and employees. Disparaging statements include an express or implied statement that brings discredit or reproach upon the party or person, or that tends to lower or impugn its reputation in the industry.

11.    Upon entry of this Stipulated Injunction, Defendants shall: (a) deliver promptly to OmniPrint any and all of OmniPrint's Trade Secret Information in Defendants' possession, custody, or control (including all copies thereof, regardless of the medium in which such information may be stored) and all computers, equipment, tools and other property belonging to OmniPrint; (b) deliver promptly to Omniprint any unsold inventory of DTF/DTG inks; and (c) remove any and all social media posts, online images, statements and video related to the manufacture, marketing or sale of DTF/DTG inks, except as permitted by the Angelboy Exemption, including but not limited to the following sites:

    https://chicolabsinternational.com/

    https://www.instagram.com/angelboyprints/

1. https://www.facebook.com/angelboyprints/
2. https://www.goodwellscience.com/
3. https://www.chromaindustry.com/.

12. Defendants shall provide actual notice of this Stipulated Injunction to their officers, agents, assignees, attorneys, servants and employees.

13. This Stipulated Injunction shall be final and binding. The parties hereby waive their right to challenge or appeal this order.

14. This Court shall retain jurisdiction for the purpose of making any further orders necessary or proper for the construction or modification of this Stipulated Injunction, the enforcement thereof, and/or the punishment for any violations thereof.

15. The parties agree that quantifying damages arising from a violation of this Stipulated Injunction is inherently difficult where such violation may destroy the confidential nature of the information and dilute OmniPrint's goodwill. As such, the parties agree that OmniPrint shall be entitled to liquidated damages of $250,000 for the initial violation and $150,000 for each subsequent violation. The liquidated damages shall not be considered a penalty but a reasonable estimate of the anticipated or actual harm that OmniPrint would suffer from such a breach based upon the parties' experience in the industry. This liquidated damage provision shall not be deemed the exclusive remedy for a violation of this Stipulated Injunction but shall be in addition to all remedies available at law or equity.

16. The prevailing party on any action to enforce this Stipulated Injunction, to interpret its terms, or for breach thereof, shall be entitled to reasonable attorney's fees and court costs.

Dated: MAY 16th 2023

OMNIPRINT INTERNATIONAL, INC.

_____
Victor Peña, President and CEO

Dated: _____

GOODWELL SCIENCE, LLC

_____
Edgar Silva Ambriz, Member/Manager

Dated: _____

_____
Edgar Silva Ambriz, aka Edgar Ambriz Silva

Dated: _____

_____
Maria Eugenia Ambriz

Dated: May 16, 2023

_____
Sergio Ramirez

Dated: _____

ANGELBOY PRINTS, LLC

_____
Angel José Ramirez, Member/Manager

16.  The prevailing party on any action to enforce this Stipulated Injunction, to interpret its terms, or for breach thereof, shall be entitled to reasonable attorney's fees and court costs.

Dated:                           OMNIPRINT INTERNATIONAL, INC.

_____
Victor Peña, President and CEO

Dated: May 16, 2023        GOODWELL SCIENCE, LLC

_____
Edgar Silva Ambriz, Member/Manager

Dated: May 16, 2023

_____
Edgar Silva Ambriz, aka Edgar Ambriz Silva

Dated: May 16, 2023

_____
Maria Eugenia Ambriz

Dated:

_____
Sergio Ramirez

Dated: May 16, 2023        ANGELBOY PRINTS, LLC

_____
Angel José Ramirez, Member/Manager

Dated: May 16, 2023

_____
Angel José Ramirez

APPROVED AS TO FORM,

Dated: May 16, 2023                KRONGOLD LAW CORP., P.C.

*Steven L. Krongold*
_____
Steven L. Krongold
Attorney for Plaintiff
Omniprint International, Inc.

Dated: May 16, 2023                LS CARLSON LAW, P.C.

_____
Ricky Shah
Attorney for Defendants
Edgar Silva Ambriz, Maria Eugenia Ambriz, Sergio Ramirez, Goodwell Science LLC, Angel Jose Ramirez, and Angelboy Prints LLC

IT IS SO ORDERED, ADJUDGED AND DECREED,

Dated: _____

DAVID O. CARTER
UNITED STATES DISTRICT COURT JUDGE